United States District Court
Southern District of Texas
**ENTERED**
June 20, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY NORMAN BURKHARDT, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-2189 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se* and *in forma pauperis*, filed a habeas petition under 28 U.S.C. § 2254 challenging his 2021 Harris County, Texas conviction and fifteen-year sentence for failure to comply with registration requirements as a convicted sex offender.

Having reviewed petitioner's pleadings, matters of public record, and the applicable law, the Court **DISMISSES** the petition as barred by limitations.

## I. BACKGROUND

Petitioner pleaded guilty to failure to comply with registration requirements as a convicted sex offender in Harris County, Texas, and was sentenced to a fifteen-year term of imprisonment on September 23, 2021.[1] No appeal was taken. Petitioner's application for

---

[1] Petitioner concurrently pleaded guilty to, and received fifteen year sentences for, possession of child pornography and possession of child pornography with intent to promote. Petitioner challenges these other two convictions in separate federal habeas petitions. *Burkhardt v. Guerrero*, C.A. No. H-25-2088 (S.D. Tex.); *Burkhardt v. Guerrero*, C.A. No. H-25-1921 (S.D. Tex.).

state habeas relief, filed with the state trial court on November 12, 2024, was denied by the Texas Court of Criminal Appeals on February 5, 2025.

Petitioner filed the instant habeas petition no earlier than March 20, 2025, in the United States District Court for the Eastern District of Louisiana. (Docket Entry No. 1.) The petition was properly transferred to this Court on April 14, 2025. As grounds for federal habeas relief, petitioner contends that authorities failed "to read Miranda rights" before questioning him, "charged too much time for felony three charge," failed to present a warrant for his cell phone, and that trial counsel was ineffective on October 14, 2020, regarding his email address.

In explaining why he failed to file his petition prior to expiration of limitations on October 25, 2022, petitioner asserts that two family deaths on May 27 and June 23, 2022 left him "stressed out," and that he had various medical procedures, laboratory tests, and concerns on October 25, 2022, November 3, 2022, March 6, 2023, and April 18, 2023, a negative colonoscopy at an unknown date in early 2024, and a positive sleep study for apnea at some point thereafter, for which he was given "a breathing machine" with wrong masks.

## II.   LEGAL STANDARDS

A.   <u>Limitations</u>

The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2). A state habeas application filed after limitations has expired does not entitle a petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

B.    Equitable Tolling

The Supreme Court of the United States has made clear that a federal habeas petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is available only in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his petition. *Holland*, 560 U.S. at 649. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with the legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Petitioner acknowledges that his federal petition is untimely, and offers various explanations for his late filing. The Court construes petitioner's pleadings as claiming entitlement to equitable tolling.

## III. ANALYSIS

Public online state court records show that petitioner pleaded guilty to failing to comply with registration requirements as a convicted sex offender and was sentenced to a fifteen-year term of imprisonment on September 23, 2021. He did not pursue an appeal. Thus, his conviction became final for purposes of AEDPA limitations no later that October 25, 2021. The one-year statute of limitations expired on October 25, 2022, subject to statutory tolling.

Online state court records show that petitioner's application for state habeas relief, filed with the trial court on November 12, 2024, was denied by the Texas Court of Criminal Appeals on February 5, 2025. Because the application for state habeas relief was filed after expiration of the federal statute of limitations, the state habeas proceeding did not toll expiration of the AEDPA one-year limitation.[2]

Petitioner's instant federal habeas petition, filed no earlier than March 20, 2025, is untimely. Although paragraph 18 of petitioner's § 2254 habeas petition provided him an opportunity to explain why his petition was not barred by limitations, petitioner answered, "N/A."

---

[2] Petitioner states in his petition that on October 17, 2023, he had copies made of his charges and "noticed that [the] Harris County district attorney charged a felony-3 with 15 yrs. to which it is only 10 yr. felony." (Docket Entry No. 1, p. 10.) Petitioner does not claim entitlement to statutory tolling under § 2244(d)(1)(D) as to this claim. Even assuming he had, he clearly knew at sentencing in 2021 that a 15-year sentence had been imposed against him for the offense.

Because the habeas petition showed on its face that it was barred by limitations, the Court ordered petitioner to show cause, by written response filed within thirty days, why the petition should not be dismissed as barred by the AEDPA one-year statute of limitations. In his timely response (Docket Entry No. 9), petitioner argues that the deaths of his mother on May 22, 2022, and his brother-in-law on June 23, 2022, left him "stressed out" and he "couldn't focus on legal matters." He also mentioned that his blood pressure medication caused drowsiness and dizziness.

Petitioner further states that, on October 25, 2022, a heart attack required placement of a stent to remedy arterial blockage, and he returned to his prison unit five days later on October 30, 2022. He then states that he underwent blood and laboratory testing on November 3, 2022, and was informed on March 6, 2023, that he needed a colonoscopy in a year because they found "traces of blood in his stool." He claims that he "got stressed out," "couldn't focus" or "think logically" because it made him think "he could have had colon cancer."

Petitioner next complained of experiencing back pain, and states that x-rays taken in April 2023 showed signs of cervical and lumbar vertebral degeneration and osteoarthritis. The conditions were treated with acetaminophen, which he complains made him tired. A colonoscopy in early 2024 was negative, which reduced his stress over cancer fears. However, sleep tests undertaken at some point in 2024 indicated sleep apnea, for which

petitioner was given "a breathing machine"; he complains that he has trouble getting correct masks for the machine.

Petitioner reports that the Texas Court of Criminal Appeals denied his application for mandamus relief in August 2024, but ignored his letters asking for an explanation. His application for state habeas relief was denied on February 5, 2025.

Given a liberal construction, petitioner's pleading asserts entitlement to equitable tolling. To warrant equitable tolling in this case, petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his habeas petition. In the instant case, petitioner must initially show that he was pursuing his rights diligently between September 23, 2021 (sentencing) and October 25, 2022 (expiration of limitations). This, he does not do.

Although the deaths of his mother on May 22, 2022, and brother-in-law on June 23, 2022, may have caused petitioner a degree of stress and temporary loss of focus, these events do not explain petitioner's lack of due diligence during the eight months between September 23, 2021, and May 22, 2022. Although petitioner's heart attack and surgery on October 25, 2022, undoubtedly caused petitioner some delay, the events occurred on the day limitations expired. Petitioner does not show that he had been diligently pursuing his rights up until that time. Thus, the subsequent events of November 3, 2022, and March 6, 2023, petitioner's back and neck pain and x-rays in April 2023, the favorable colonoscopy of early 2024, and sleep apnea of an unknown timeframe are not relevant to equitable tolling. Even assuming

they were relevant, petitioner fails to demonstrate due diligence or that some extraordinary circumstance stood in his way and prevented the timely filing of his petition.

Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas petition. His petition is untimely and barred by § 2244(d)(1).

## IV. CONCLUSION

For the above reasons, this habeas lawsuit is **DISMISSED WITH PREJUDICE** as barred by the AEDPA one-year statute of limitations. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 16th day of June, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE